COMMONWEALTH vs. EDWARD LAKEMAN.

An indictment against a receiver of stolen goods, which alleges that the goods were "feloniously stolen," and that the defendant received them, "knowing the same to have been feloniously stolen," is sufficient, without adding the words "taken and carried away."

INDICTMENT containing three counts, one for burglary and one for larceny, (on each of which the defendant was acquitted in the court of common pleas,) and the third framed on the Rev. Sts. c. 126, § 20, and averring that the defendant at New Bedford, on the 27th of March 1855, certain pieces of cloth, and articles of wearing apparel, (described,) " of the goods and chattels of one Benjamin F. Howland and of one Preserved Bullock, copartners under the firm of Howland and Bullock, by some person or persons to the said jurors unknown, then lately before stolen of the said Howland and Bullock, unlawfully, unjustly, and for the sake of unlawful and wicked gain, did receive and have, the said Edward Lakeman then and there well knowing the same to have been feloniously stolen, against the peace," &c

The defendant, being convicted on this count, moved in arrest of judgment for the following reasons : " 1st. Because of the insufficiency of the indictment, it containing no averment, in the count for receiving stolen goods, upon which conviction was had, properly setting out a larceny from Howland and Bullock. 2d. Because there is no sufficient averment in said count, in law setting out a knowledge by him of the larceny." *Sanger*, J. overruled the motion, and the defendant appealed.

*T. D. Robinson*, for the defendant, cited 1 Chit. Crim. Law, 242, 245 ; Archb. Crim. Pl. (Waterman's ed.) 16 *note*, 355, 473, 474 ; D. Davis's Justice, (3d ed.) 545, 680.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J.   The count upon which the defendant was convicted appears to us to be sufficient.   The forms of indictment against a party for receiving stolen goods knowing them to be stolen are not uniform as to the allegations in reference to which the present exception is taken.   In some of the precedents, and more especially those charging the larceny as committed by another person, in one count, and in a subsequent one charging the defendant with receiving stolen goods, the technical form has more usually been adopted of alleging the goods " to have been feloniously stolen, taken and carried away," and that the defendant well knew the same to have been " feloniously stolen, taken and carried away."

But in indictments against the receiver only, and where the principal has not been convicted, precedents may be found, corresponding with the allegations in the present indictment, using only the words " knowing the same to have been feloniously stolen."   The same technical particularity is not required in stating the larceny, in an indictment against one charged as a receiver of stolen goods, as would be required in an indictment against the party charged with committing the larceny.   3 Chit. Crim. Law, 959.   2 East P. C. 780.

*Motion in arrest overruled.*